# United States District Court
# District of Massachusetts

| | |
|---|---|
| AHMAD A. SHARIF<br><br>PLAINTIFF<br><br>v.<br><br>CITY OF SPRINGFIELD POLICE DEPARTMENT and LT. CHERYL CLAPROOD,<br><br>DEFENDANTS | 05-30018-MAP<br>CIVIL ACTION NO.<br><br>FILING FEE PAID:<br>RECEIPT # 305828<br>AMOUNT $ 150.00<br>BY DPTY CLK MGh<br>DATE 1/21/05 |

## NOTICE OF REMOVAL

The defendants, CITY OF SPRINGFIELD POLICE DEPARTMENT, and LT. CHERYL CLAPROOD petition for removal to this Court of Civil Action No. HDCV2005-00024 presently pending in the Superior Court Department of the Massachusetts Trial Court sitting in Hampden County ("Superior Court action"). In support, defendant petitioners state the following:

1. The plaintiff, Ahmad A. Sharif, commenced the Superior Court action on January 7, 2005 against the defendant petitioners.

2. The defendant petitioner City of Springfield received service on January 14, 2005, of the Summons and Complaint. The defendant petitioner has filed no responsive pleadings in Superior Court. This petition is filed in this Court within thirty (30) days after notice of the existence of the filing of the Superior Court action.

3. The Superior Court action involves alleged wrongful conduct and ddiscrimination with regard to the plaintiff's employment of the plaintiff, a controversy arising under the laws of the United States and is a civil action over which the United States District Court has

original jurisdiction in that the complaint alleges and requests in paragraph 61 of the Fourth Claim for relief, "a declaration as to the respective rights and duties of the parties, pursuant to 28 U.S.C. §§ 2201 and 2202". This Court therefore has original jurisdiction of the above-entitled action pursuant to 42 USCA §§ 2000e et seq., providing for injunctive and other relief against racial, religious, national origin, and sex discrimination in employment, and removal of the action to this Court is proper pursuant to 28 USC § 1441(b).

4. Written notice of the filing of this petition will be given to all parties as required by law.

5. A true and correct copy of this petition will be filed with the Clerk of the Hampden County Superior Court of the Commonwealth of Massachusetts, as required by law.

6. There is attached herewith a true and correct copy of all process, pleadings and orders obtained by the defendants which have been filed in the Superior Court action. (Exhibit A).

Wherefore, the petitioners request that the above-described Superior Court action now be removed to this Court.

Dated: January 19, 2005

Respectfully submitted.

By: _____
Edward M. Pikula, BBO #399770
Associate City Solicitor
CITY OF SPRINGFIELD LAW DEPATMENT
36 Court Street
Springfield, Massachusetts 01103
Telephone:   (413) 787-6085
Telefax:     (413) 787-6173

**CERTIFICATE OF SERVICE**
The undersigned hereby certifies that a true copy of the within Defendant's Notice of Removal was this day served upon Plaintiff by mailing copy of same or hand delivery to:
Attorney Tammy Sharif
1242 Main Street - Suite 314
Springfield, MA 01103
Attorney for Plaintiff.
SIGNED under the pains and penalties of perjury.

Dated: 1/24/05
Edward M. Pikula, Esquire

2

# Commonwealth of Massachusetts

**HAMPDEN, SS.**

SUPERIOR COURT DEPARTMENT
DIVISION
CIVIL ACTION NO.:

Ahmad A. Sharif,
          **Plaintiff**

v.

City of Springfield Police Department and
Lt. Cheryl Clapprod,
          **Defendant**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Comes now Plaintiff, AHMAD A. SHARIF, to allege against the Defendants, and each of them, as follows:

1. This civil action is brought against defendants for damages as well for tortuous interference with prospective employment as a police officer, career as a police officer, libel/defamation, and intentional infliction of emotional distress for publicizing false statements about the Plaintiff's employment record.

## PARTIES

2. Plaintiff is and was at all times relevant herein, an individual and resident of Hampden County Massachusetts.

3. Defendant City of Springfield Police Department IBPO, is and was all times relevant herein, a resident of Hampden County Massachusetts.

4. Defendant Lt. Cheryl Clapprod, an employee of for the City of Springfield Police Department, is and was all times relevant herein, a resident of Hampden County

## FIRST CLAIM FOR RELIEF

(Tortious Interference With Business)

5. Plaintiff hereby realleges and incorporate by reference each and every allegation set forth at paragraphs 1 through 4, above, as though fully set forth herein.

6. Plaintiff Ahmad A. Sharif was hired by the City of Springfield Police Department in December 1998.

7. Over the course of Plaintiff's employment with Defendant, there were constant rumors Plaintiff. References to Louis Farrakhan and the Nation of Islam were made because Plaintiff's Muslim name.

8. After Plaintiff's probationary period, Plaintiff tried to be transferred to a Community Policing bureau. Plaintiff's transfer was denied. Plaintiff was told by at least one other officer that this was because Plaintiff was regarded by administrators as a "troublemaker" and "an angry black man."

9. In Fall 2002, Lieutenant Cheetham of the Springfield Police Department ordered Plaintiff to write a report. It was not to his liking, so Lieutenant Cheetham threw it out. As a result, Plaintiff was given a reprimand for turning in a report in an untimely manner. This incident is the only flaw on Plaintiff's record.

10. On February 8, 2003, Plaintiff was laid off by the Defendant.

11. In April 2003, Plaintiff applied for employment as a police officer in Kissimmee, Florida. Various tests were administered in Massachusetts. Plaintiff passed all of them. Plaintiff also received better scores than some of the people who were hired.

12. Plaintiff was informed by Kissimmee Police that Plaintiff's direct supervisors gave their department excellent references.

13. On July 21, 2003, Plaintiff called Kissimmee to check the status of his application. Plaintiff was told that Kissimmee Police Department was no longer interested in Plaintiff as a candidate for hire because of a bad reference given.

14. Plaintiff was told by Kissimmee Police Department that a bad reference was given by Defendant Lt. Clapprod (Caucasian) and that she said Plaintiff was "out of control."

15. Plaintiff had never worked under Lt. Clapprod's direct supervision. The extent of Plaintiff's interaction with Lt. Clapprod was through salutations as Plaintiff was beginning or ending his shift. For this reason, Plaintiff believed that the basis of Lt. Clapprod's negative reference was discriminatory.

16. In July 2003, Plaintiff applied for employment as a police officer with the Pittsfield Police Department, Pittsfield, Massachusetts. Various tests were administered. Plaintiff passed all of them.

17. In August, 2003, Plaintiff was informed by Pittsfield Police Department that they were no longer interested in Plaintiff as a candidate for hire because of a bad reference given.

18. In October 2003, Plaintiff applied for employment as a police officer with the Chicopee Police Department, Chicopee, Massachusetts. Various tests were administered. Plaintiff passed all of them.

19. In December 2003, Plaintiff was informed by Chicopee Police Department, Chicopee, Massachusetts that they were no longer interested in Plaintiff as a candidate for hire because of a bad reference given.

20. In December 2003, Plaintiff engaged in protected activity under M.G.L. Chapter 151B, and Title VII of the Civil Rights Act of 1964, as amended, by filing a charge

of discrimination with the MCAD and a complaint with the Massachusetts Commission Against Discrimination, hereinafter referred to as (MCAD) that alleged discrimination on the basis of color, race (African-American), and religion (Muslim) against my former employer.

21. Defendants were aware of the protected activity and answered Plaintiff's complaint.

22. Since filing a discrimination complaint with MCAD, Plaintiff has been subjected to the adverse actions outlined in the following paragraphs numbers 22 thru 27.

23. In January 2004, Plaintiff applied for employment as a police officer with the Worcester Police Department, Worcester, Massachusetts. Various tests were administered. Plaintiff passed all of them.

24. In February 2004, Plaintiff was informed by Worcester Police Department, Worcester, Massachusetts that Plaintiff was not a favorable candidate because of his personnel file and unfavorable references.

25. Plaintiff's was asked several times during an employment interview with Worcester Police Department whether Plaintiff had been discriminated against by the Springfield Police Department. Defendant retaliated against Plaintiff by informing the Worcester Police Department of Plaintiff's discrimination complaint filed at MCAD.

26. Defendant retaliated against Plaintiff by informing potential employers of Plaintiff's MCAD employment discrimination claim against Defendant. Thus, Defendants retaliated against Plaintiff for having engaged in protected activity when he reasonably and in good faith believed that he was discriminated against and acted reasonably in response to that belief by filing a claim of discrimination because of his color, race, and

religion.

27. Plaintiff believed that he was subject to discriminatory actions by the Defendant based on his color, race (African-American), and religion (Muslim), which resulted in a failure to be hired for employment in another jurisdiction.

28. Plaintiff's personnel file does not negatively reflect his employment with the City of Springfield Police Department in the manner as alleged by Defendants, therefore by corresponding with potential employers listed above in such a manner as to cause potential employers to not hire Plaintiff, all as described hereinabove.

29. At all time relevant, Plaintiff was on the active call back list for laid off police officers for the City of Springfield.

30. At the time of Plaintiff's layoff from the Springfield Police Department, he was not on suspension and was at all times in good standing with the department.

31. Defendants have intentionally and negligently interfered with Plaintiff's business as a police officer through improper means and with reckless disregard for the consequences of their actions.

32. As a direct and proximate result of the conduct of Defendants as alleged hereinabove, Plaintiff has suffered general and special pecuniary and non-pecuniary damages in an amount to be proven at trial.

33. Defendants' actions were undertaken willfully, wantonly, maliciously and in reckless disregard for Plaintiff's rights, and as a direct and proximate result thereof Plaintiff suffered economic and emotional damage in a total amount to be proven at trial, therefore Plaintiff seeks exemplary and punitive damages in an amount sufficient to deter said Defendant and others from similar future wrongful conduct.

## SECOND CLAIM FOR RELIEF

(Tortious Interference With Prospective Economic Advantage)

34. Plaintiff hereby realleges and incorporate by reference each and every allegation set forth at paragraphs 1 through 33, above, as though fully set forth herein.

35. Plaintiff had a legitimate and identifiable prospective viable career as a police officer.

36. Plaintiff had the advantage of a skilled and experienced young man in excellent health with a promising career as a police officer.

37. Defendants were aware of Plaintiff's unemployment status as a laid off police officer.

38. Plaintiff has not been unable to secure employment as a police officer until he was recalled by the Springfield Police Department when they recalled laidoff police officers.

39. As a result of Defendants' unlawful tortious interference with Plaintiffs prospective employment as a police officer and by engaging in the unjustified conduct described more fully hereinabove, Defendants intentionally, negligently, and improperly interfered with Plaintiff's prospective economic advantage as a police officer.

40. As a direct and proximate result of the conduct of Defendants as alleged hereinabove, Plaintiff has suffered general and special pecuniary and non-pecuniary damages in an amount to be proven at trial.

41. Defendants' actions were undertaken willfully, wantonly, maliciously and in reckless disregard for Plaintiff's rights, and as a direct and proximate result thereof Plaintiff suffered economic and emotional damage in a total amount to be proven at trial, therefore Plaintiff seeks exemplary and punitive damages in an amount sufficient to deter said Defendant and others from similar future wrongful conduct.

## THIRD CLAIM FOR RELIEF

(Libel and Defamation)

42. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth at paragraphs 1 through 41, above, as though fully set forth herein.

43. Plaintiff was informed by Kissimmee Police that Plaintiff's direct supervisors gave their department excellent references about Plaintiff.

44. On July 21, 2003, Plaintiff contacted Kissimmee to check the status of his application. Plaintiff was told that Kissimmee Police Department was no longer interested in Plaintiff as a candidate for hire because of a bad reference given.

45. Plaintiff had been informed by Kissimmee Police Department that Defendant Lt. Cheryl Clapprod had informed them that Plaintiff was "out of control".

46. Defendants Springfield Police Department and Lt. Cheryl Clapprod falsified documents indicating that Plaintiff was a suspect in a dispute. Plaintiff was never informed that he was a suspect in a dispute. This falsified document was inserted into Plaintiff's personnel file and distributed to potential employers.

47. Defendants Springfield Police Department and Lt. Cheryl Clapprod presented falsified documents to all police departments to which Plaintiff applied for employment.

48. Defendants inserted confidential and privileged information to all police departments that in which Plaintiff applied for employment.

49. As a result of Defendants' unlawful false and defamatory statements and publications were presented to all of Plaintiff's potential employers, he was blacklisted from furthering his career as a Police Officer.

50. The false accusations published to third parties by Defendants of unlawful conduct by Plaintiff were false, unprivileged, and defamatory, and Plaintiff did not have a blemished

personnel file.

51. Because the false and defamatory statements and documents published by Defendants impute to Plaintiff unlawful conduct and also injured Plaintiff in his business career of being a police officer, the statement of Defendants constitute libel per se for which Plaintiff is presumptively entitled to recover damages without proof of same.

52. As a direct and proximate result of the conduct of Defendants as alleged hereinabove, Plaintiff has suffered general and special pecuniary and non-pecuniary damages in an amount to be proven at trial.

53. Defendants' actions were undertaken willfully, wantonly, maliciously and in reckless disregard for Plaintiff's rights, and as a direct and proximate result thereof Plaintiff suffered economic and emotional damage in a total amount to be proven at trial, therefore Plaintiff seeks exemplary and punitive damages in an amount sufficient to deter said Defendant and others from similar future wrongful conduct.

## FOURTH CLAIM FOR RELIEF

(Intentional Infliction of Emotional Distress)

54. Plaintiff hereby realleges and incorporate by reference each and every allegation set forth at paragraphs 1 through 53, above, as though fully set forth herein.

55. By contacting Plaintiff's prospective employers and defaming and causing prospective employers to deny him employment, Defendants intentionally inflicted extreme emotional distress upon Plaintiff. Defendants' conduct was unreasonable and outrageous and exceeds the bounds usually tolerated by decent society, and was done willfully, maliciously and deliberately with the intent to cause Plaintiff severe mental and emotional pain, distress, and anguish and loss of enjoyment of life, or was done with

reckless indifference to the likelihood that such behavior would cause such severe emotional distress and with utter disregard for the consequences of such actions.

56. The behavior and conduct on the part of Defendants as described herein above was so extreme and outrageous as to be capable of causing Plaintiff severe emotional distress and has in fact caused Plaintiff severe mental anguish, distress, depression, and humiliation.

57. As a direct and proximate result of the conduct of Defendants as alleged hereinabove, Plaintiff has suffered non-pecuniary damages in an amount to be proven at trial.

58. Defendants' actions were undertaken willfully, wantonly, maliciously and in reckless disregard for Plaintiff's rights, and as a direct and proximate result thereof Plaintiff suffered economic and emotional damage in a total amount to be proven at trial, therefore Plaintiff seeks punitive damages in an amount sufficient to deter said Defendant and others from similar future wrongful conduct.

## FIFTH CLAIM FOR RELIEF

(Injunctive and Declaratory Relief)

59. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth at paragraphs 1 through 58, above, as though fully set forth herein.

60. As a direct and proximate result of the foregoing conduct by Defendants, Plaintiff has sustained and will continue to sustain irreparable damage to his career as a police officer and has no adequate remedy at law to prevent repeated unfounded interference with his business relationships by Defendants, and is therefore entitled to an injunction enjoining Defendants and its officers, agents, directors, employees, licensees and all other persons acting by, through, or in concert with Defendants, from engaging in further acts

interfering with his existing business, Internetmovies.com.

61. Furthermore, an actual, present, and substantial controversy exists between the parties, and a declaration as to the respective rights and duties of the parties, pursuant to 28 U.S.C. §§ 2201 and 2202, is necessary and appropriate.

## FIFTH CLAIM FOR RELIEF

(Unlawful Retaliation in violation of G.L. c. 151B § 4(4))

62. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth at paragraphs 1 through 61, above, as though fully set forth herein.

63. Plaintiff was retaliated against for his complaint about discriminatory acts directed at him because of his race, national origin, and religion in violation of G. L. c. 151B, § 4 (4).

64. Plaintiff had a legitimate and identifiable prospective business career advantage of a skilled and experienced young man in excellent health with a promising career as a police officer. Defendants were aware of Plaintiff's prospective business career and by engaging in the unjustified conduct described more fully hereinabove, Defendants intentionally, negligently, and improperly interfered with Plaintiff's prospective economic advantage as a police officer.

65. Defendants have intentionally and negligently interfered with Plaintiff's business as a police officer through improper means and with reckless disregard for the consequences of their actions.

66. As a direct and proximate result of the conduct of Defendants as alleged hereinabove, Plaintiff has suffered general and special pecuniary and non-pecuniary damages in an amount to be proven at trial.

67. Defendants' actions were undertaken willfully, wantonly, maliciously and in reckless disregard for Plaintiff's rights, and as a direct and proximate result thereof Plaintiff suffered economic and emotional damage in a total amount to be proven at trial, therefore Plaintiff seeks exemplary and punitive damages in an amount sufficient to deter said Defendant and others from similar future wrongful conduct.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff requests the following relief against Defendants, and each of them, as follows:

1. For an award of general, special, consequential and/or continuing damages from the defendants, and each of them, plus prejudgment interest thereon, according to proof or by operation of law;

2. For damages for per se libel in an amount to be determined according to proof or by operation of law;

3. For an award of exemplary and punitive damages to the extent allowed by law and in an amount according to proof;

4. For preliminary and permanent injunctive and declaratory relief;

5. For attorneys' fees and costs of suit herein pursuant to statute or as otherwise may be allowed by law; and,

6. For such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues triable by right to a jury.

Dated: December 21, 2004

Respectfully submitted,

Ahmad A. Sharif
By his Attorney,

Tammy Sharif
BBO# 659134
Attorney for Plaintiff
Law Firm of Tammy Sharif
1242 Main Street, Suite 314
Springfield, MA 01103
Tel. 413.439.0200  Fax. 413.785.0801

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Ahmad A. Sharif

### DEFENDANTS
City of Springfield

(b) County of Residence of First Listed Plaintiff    Hampden, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

05-30018-MAP

County of Residence of First Listed    Hampden, MA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)    439-0200

Tammy Sharif
1242 Main Street, Suite 314
Springfield, MA    01103

Attorneys (If Known)    787-6085

Edward M. Pikula
City of Springfield Law Department
36 Court St., Springfield, MA    01103

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | / ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Alleged wrongful conduct and discrimination with regard to Plaintiff's employment.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE

DOCKET NUMBER

DATE    1/21/2005

SIGNATURE OF ATTORNEY OF RECORD
Edward M. Pikula, Esq.

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Ahmad A. Sharif vs. City of Springfield**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [x] II.  195, 368, 400, (440), 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [x]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [x]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [x]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Edward M. Pikula
ADDRESS   City of Springfield Law Department 36 Court St. Springfield, MA 01103
TELEPHONE NO.   413-787-6085

(Coversheetlocal.wpd - 10/17/02)