Commonwealth of Massachusetts
HAMPDEN SUPERIOR COURT
Case Summary
Civil Docket

CA 05-30018- MAP

# HDCV2005-00024
## Sharif v Springfield Police Department et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 01/07/2005 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 01/24/2005 | **Session** | A - Civil A - CtRm 6 | | |
| **Origin** | 1 | **Case Type** | B15 - Defamation/libel/slander | | |
| **Lead Case** | | **Track** | A | | |
| **Service** | 04/07/2005 | **Answer** | 06/06/2005 | **Rule12/19/20** | 06/06/2005 |
| **Rule 15** | 04/02/2006 | **Discovery** | 02/26/2007 | **Rule 56** | 04/27/2007 |
| **Final PTC** | 08/25/2007 | **Disposition** | 01/07/2008 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Ahmad A Sharif
Active 01/07/2005

**Private Counsel 659134**
Tammy Sharif
The Walker Building
1242 Main Street, Suite 314
Springfield, MA 01104
Phone: 413-439-0200
Fax: 413-785-0801
Active 01/07/2005 Notify

**Defendant**
City of Springfield Police Department
Service pending 01/07/2005

**Defendant**
Lt Cheryl Clapprod
Service pending 01/07/2005

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 01/07/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 01/07/2005 | | Origin 1, Type B15, Track A. |
| 01/12/2005 | 2.0 | Plaintiff Ahmad A Sharif's MOTION for appointment of special process server John J. Monteiro |
| 01/14/2005 | | (P#2) Allowed. (C. Brian McDonald, Justice). Notices faxed January 14, 2005 |
| 01/24/2005 | 3.0 | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 01/14/2005 | Civil A - CtRm 6 | Motion/Hearing: trustee process #2 - Appoint person to serve process | Event held as scheduled |

Commonwealth of Massachusetts
HAMPDEN SUPERIOR COURT
Case Summary
Civil Docket

## HDCV2005-00024
### Sharif v Springfield Police Department et al



A TRUE COPY
THE DOCKET MINUTES
WITNESS WHEREOF, I hereunto
set my hand, and have caused the seal
of the Superior Court for the County
of Hampden to be affixed on this
24th day of January, 2005

_____
Deputy Assistant Clerk

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05- 24 | Trial Court of Massachusetts Superior Court Department County: Hampden |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Ahmad A. Sharif | City of Springfield Police Department, and Lt. Cheryl Clapprod |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| Tammy Sharif - Law Firm of Tammy Sharif<br>The Walker Building, 1242 Main Street, Suite 314, Springfield, MA 01103 -<br>413.439.0200 | Peter Murphy – City of Springfield Law Department<br>36 Court Street – Springfield, MA 01103 |
| Board of Bar Overseers Number   659134 | |

HAMPDEN COUNTY SUPERIOR COURT FILED JAN 7 2005

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup. Ct. C. 231, s. 104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup. Ct. C. 231, s. 102C (X)
- [ ] 4. F04 District Court Appeal c. 231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass. R. Civ. P. 60) (X)
- [ ] 6. E10 Summary Process Appeal

CLERK-MAGISTRATE

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B15 | Defamation/Libel/Slander | ( ) | ( X ) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................ $ 0.00
2. Total Doctor expenses .......................... $ 0.00
3. Total chiropractic expenses .................... $ 0.00
4. Total physical therapy expenses ................ $ 0.00
5. Total other expenses ........................... $ 0.00
   Subtotal $ 0.00
B. Documented lost wages and compensation to date ... $ 100,000.00
C. Documented property damages to date .............. $ 0.00
D. Reasonably anticipated future medical and hospital expenses $ 0.00
E. Reasonably anticipated lost wages ................ $ 0.00
F. Other documented items of damages (describe) ..... $ 0.00

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$ 0.00
TOTAL $ 100,000.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

A true copy. Attest: _____ Deputy Assistant Clerk

TOTAL $ _____

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT:

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of various methods."

Signature of Attorney of Record _____   DATE: 12/21/2004
1-8-2005

# Commonwealth of Massachusetts

HAMPDEN, SS.                                              SUPERIOR COURT DEPARTMENT
                                                         DIVISION
                                                         CIVIL ACTION NO.:   05·   24

Ahmad A. Sharif,

                **Plaintiff**

v.                                                       HAMPDEN COUNTY
                                                         SUPERIOR COURT
                                                         **FILED**
City of Springfield Police Department and                JAN - 7 2005
Lt. Cheryl Clapprod,
                                                         CLERK-MAGISTRATE
                **Defendant**


## COMPLAINT AND DEMAND FOR JURY TRIAL

Comes now Plaintiff, AHMAD A. SHARIF, to allege against the Defendants, and each of them, as follows:

1. This civil action is brought against defendants for damages as well for tortuous interference with prospective employment as a police officer, career as a police officer, libel/defamation, and intentional infliction of emotional distress for publicizing false statements about the Plaintiff's employment record.

### PARTIES

2. Plaintiff is and was at all times relevant herein, an individual and resident of Hampden County Massachusetts.

3. Defendant City of Springfield Police Department IBPO, is and was all times relevant herein, a resident of Hampden County Massachusetts.

No. of Plts. ___1___
Fee Paid - $ __240.__  Cash/Check
Surcharge Paid - $ __15__  Cash-Check
Security Fee - Paid - $ __20__ Cash-Check
Received by___KM___

4. Defendant Lt. Cheryl Clapprod, an employee of for the City of Springfield Police Department, is and was all times relevant herein, a resident of Hampden County

## FIRST CLAIM FOR RELIEF

(Tortious Interference With Business)

5. Plaintiff hereby realleges and incorporate by reference each and every allegation set forth at paragraphs 1 through 4, above, as though fully set forth herein.

6. Plaintiff Ahmad A. Sharif was hired by the City of Springfield Police Department in December 1998.

7. Over the course of Plaintiff's employment with Defendant, there were constant rumors Plaintiff. References to Louis Farrakhan and the Nation of Islam were made because Plaintiff's Muslim name.

8. After Plaintiff's probationary period, Plaintiff tried to be transferred to a Community Policing bureau. Plaintiff's transfer was denied. Plaintiff was told by at least one other officer that this was because Plaintiff was regarded by administrators as a "troublemaker" and "an angry black man."

9. In Fall 2002, Lieutenant Cheetham of the Springfield Police Department ordered Plaintiff to write a report. It was not to his liking, so Lieutenant Cheetham threw it out. As a result, Plaintiff was given a reprimand for turning in a report in an untimely manner. This incident is the only flaw on Plaintiff's record.

10. On February 8, 2003, Plaintiff was laid off by the Defendant.

11. In April 2003, Plaintiff applied for employment as a police officer in Kissimmee, Florida. Various tests were administered in Massachusetts. Plaintiff passed all of them. Plaintiff also received better scores than some of the people who were hired.

12. Plaintiff was informed by Kissimmee Police that Plaintiff's direct supervisors gave their department excellent references.

13. On July 21, 2003, Plaintiff called Kissimmee to check the status of his application. Plaintiff was told that Kissimmee Police Department was no longer interested in Plaintiff as a candidate for hire because of a bad reference given.

14. Plaintiff was told by Kissimmee Police Department that a bad reference was given by Defendant Lt. Clapprod (Caucasian) and that she said Plaintiff was "out of control."

15. Plaintiff had never worked under Lt. Clapprod's direct supervision. The extent of Plaintiff's interaction with Lt. Clapprod was through salutations as Plaintiff was beginning or ending his shift. For this reason, Plaintiff believed that the basis of Lt. Clapprod's negative reference was discriminatory.

16. In July 2003, Plaintiff applied for employment as a police officer with the Pittsfield Police Department, Pittsfield, Massachusetts. Various tests were administered. Plaintiff passed all of them.

17. In August, 2003, Plaintiff was informed by Pittsfield Police Department that they were no longer interested in Plaintiff as a candidate for hire because of a bad reference given.

18. In October 2003, Plaintiff applied for employment as a police officer with the Chicopee Police Department, Chicopee, Massachusetts. Various tests were administered. Plaintiff passed all of them.

19. In December 2003, Plaintiff was informed by Chicopee Police Department, Chicopee, Massachusetts that they were no longer interested in Plaintiff as a candidate for hire because of a bad reference given.

20. In December 2003, Plaintiff engaged in protected activity under M.G.L. Chapter 151B, and Title VII of the Civil Rights Act of 1964, as amended, by filing a charge

of discrimination with the MCAD and a complaint with the Massachusetts Commission Against Discrimination, hereinafter referred to as (MCAD) that alleged discrimination on the basis of color, race (African-American), and religion (Muslim) against my former employer.

21. Defendants were aware of the protected activity and answered Plaintiff's complaint.

22. Since filing a discrimination complaint with MCAD, Plaintiff has been subjected to the adverse actions outlined in the following paragraphs numbers 22 thru 27.

23. In January 2004, Plaintiff applied for employment as a police officer with the Worcester Police Department, Worcester, Massachusetts. Various tests were administered. Plaintiff passed all of them.

24. In February 2004, Plaintiff was informed by Worcester Police Department, Worcester, Massachusetts that Plaintiff was not a favorable candidate because of his personnel file and unfavorable references.

25. Plaintiff's was asked several times during an employment interview with Worcester Police Department whether Plaintiff had been discriminated against by the Springfield Police Department. Defendant retaliated against Plaintiff by informing the Worcester Police Department of Plaintiff's discrimination complaint filed at MCAD.

26. Defendant retaliated against Plaintiff by informing potential employers of Plaintiff's MCAD employment discrimination claim against Defendant. Thus, Defendants retaliated against Plaintiff for having engaged in protected activity when he reasonably and in good faith believed that he was discriminated against and acted reasonably in response to that belief by filing a claim of discrimination because of his color, race, and

religion.

27. Plaintiff believed that he was subject to discriminatory actions by the Defendant based on his color, race (African-American), and religion (Muslim), which resulted in a failure to be hired for employment in another jurisdiction.

28. Plaintiff's personnel file does not negatively reflect his employment with the City of Springfield Police Department in the manner as alleged by Defendants, therefore by corresponding with potential employers listed above in such a manner as to cause potential employers to not hire Plaintiff, all as described hereinabove.

29. At all time relevant, Plaintiff was on the active call back list for laid off police officers for the City of Springfield.

30. At the time of Plaintiff's layoff from the Springfield Police Department, he was not on suspension and was at all times in good standing with the department.

31. Defendants have intentionally and negligently interfered with Plaintiff's business as a police officer through improper means and with reckless disregard for the consequences of their actions.

32. As a direct and proximate result of the conduct of Defendants as alleged hereinabove, Plaintiff has suffered general and special pecuniary and non-pecuniary damages in an amount to be proven at trial.

33. Defendants' actions were undertaken willfully, wantonly, maliciously and in reckless disregard for Plaintiff's rights, and as a direct and proximate result thereof Plaintiff suffered economic and emotional damage in a total amount to be proven at trial, therefore Plaintiff seeks exemplary and punitive damages in an amount sufficient to deter said Defendant and others from similar future wrongful conduct.

## SECOND CLAIM FOR RELIEF

(Tortious Interference With Prospective Economic Advantage)

34. Plaintiff hereby realleges and incorporate by reference each and every allegation set forth at paragraphs 1 through 33, above, as though fully set forth herein.

35. Plaintiff had a legitimate and identifiable prospective viable career as a police officer.

36. Plaintiff had the advantage of a skilled and experienced young man in excellent health with a promising career as a police officer.

37. Defendants were aware of Plaintiff's unemployment status as a laid off police officer.

38. Plaintiff has not been unable to secure employment as a police officer until he was recalled by the Springfield Police Department when they recalled laidoff police officers.

39. As a result of Defendants' unlawful tortious interference with Plaintiffs prospective employment as a police officer and by engaging in the unjustified conduct described more fully hereinabove, Defendants intentionally, negligently, and improperly interfered with Plaintiff's prospective economic advantage as a police officer.

40. As a direct and proximate result of the conduct of Defendants as alleged hereinabove, Plaintiff has suffered general and special pecuniary and non-pecuniary damages in an amount to be proven at trial.

41. Defendants' actions were undertaken willfully, wantonly, maliciously and in reckless disregard for Plaintiff's rights, and as a direct and proximate result thereof Plaintiff suffered economic and emotional damage in a total amount to be proven at trial, therefore Plaintiff seeks exemplary and punitive damages in an amount sufficient to deter said Defendant and others from similar future wrongful conduct.

## THIRD CLAIM FOR RELIEF

(Libel and Defamation)

42. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth at paragraphs 1 through 41, above, as though fully set forth herein.

43. Plaintiff was informed by Kissimmee Police that Plaintiff's direct supervisors gave their department excellent references about Plaintiff.

44. On July 21, 2003, Plaintiff contacted Kissimmee to check the status of his application. Plaintiff was told that Kissimmee Police Department was no longer interested in Plaintiff as a candidate for hire because of a bad reference given.

45. Plaintiff had been informed by Kissimmee Police Department that Defendant Lt. Cheryl Clapprod had informed them that Plaintiff was "out of control".

46. Defendants Springfield Police Department and Lt. Cheryl Clapprod falsified documents indicating that Plaintiff was a suspect in a dispute. Plaintiff was never informed that he was a suspect in a dispute. This falsified document was inserted into Plaintiff's personnel file and distributed to potential employers.

47. Defendants Springfield Police Department and Lt. Cheryl Clapprod presented falsified documents to all police departments to which Plaintiff applied for employment.

48. Defendants inserted confidential and privileged information to all police departments that in which Plaintiff applied for employment.

49. As a result of Defendants' unlawful false and defamatory statements and publications were presented to all of Plaintiff's potential employers, he was blacklisted from furthering his career as a Police Officer.

50. The false accusations published to third parties by Defendants of unlawful conduct by Plaintiff were false, unprivileged, and defamatory, and Plaintiff did not have a blemished

personnel file.

51. Because the false and defamatory statements and documents published by Defendants impute to Plaintiff unlawful conduct and also injured Plaintiff in his business career of being a police officer, the statement of Defendants constitute libel per se for which Plaintiff is presumptively entitled to recover damages without proof of same.

52. As a direct and proximate result of the conduct of Defendants as alleged hereinabove, Plaintiff has suffered general and special pecuniary and non-pecuniary damages in an amount to be proven at trial.

53. Defendants' actions were undertaken willfully, wantonly, maliciously and in reckless disregard for Plaintiff's rights, and as a direct and proximate result thereof Plaintiff suffered economic and emotional damage in a total amount to be proven at trial, therefore Plaintiff seeks exemplary and punitive damages in an amount sufficient to deter said Defendant and others from similar future wrongful conduct.

## FOURTH CLAIM FOR RELIEF

(Intentional Infliction of Emotional Distress)

54. Plaintiff hereby realleges and incorporate by reference each and every allegation set forth at paragraphs 1 through 53, above, as though fully set forth herein.

55. By contacting Plaintiff's prospective employers and defaming and causing prospective employers to deny him employment, Defendants intentionally inflicted extreme emotional distress upon Plaintiff. Defendants' conduct was unreasonable and outrageous and exceeds the bounds usually tolerated by decent society, and was done willfully, maliciously and deliberately with the intent to cause Plaintiff severe mental and emotional pain, distress, and anguish and loss of enjoyment of life, or was done with

reckless indifference to the likelihood that such behavior would cause such severe emotional distress and with utter disregard for the consequences of such actions.

56. The behavior and conduct on the part of Defendants as described herein above was so extreme and outrageous as to be capable of causing Plaintiff severe emotional distress and has in fact caused Plaintiff severe mental anguish, distress, depression, and humiliation.

57. As a direct and proximate result of the conduct of Defendants as alleged hereinabove, Plaintiff has suffered non-pecuniary damages in an amount to be proven at trial.

58. Defendants' actions were undertaken willfully, wantonly, maliciously and in reckless disregard for Plaintiff's rights, and as a direct and proximate result thereof Plaintiff suffered economic and emotional damage in a total amount to be proven at trial, therefore Plaintiff seeks punitive damages in an amount sufficient to deter said Defendant and others from similar future wrongful conduct.

## FIFTH CLAIM FOR RELIEF

(Injunctive and Declaratory Relief)

59. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth at paragraphs 1 through 58, above, as though fully set forth herein.

60. As a direct and proximate result of the foregoing conduct by Defendants, Plaintiff has sustained and will continue to sustain irreparable damage to his career as a police officer and has no adequate remedy at law to prevent repeated unfounded interference with his business relationships by Defendants, and is therefore entitled to an injunction enjoining Defendants and its officers, agents, directors, employees, licensees and all other persons acting by, through, or in concert with Defendants, from engaging in further acts

interfering with his existing business, Internetmovies.com.

61. Furthermore, an actual, present, and substantial controversy exists between the parties, and a declaration as to the respective rights and duties of the parties, pursuant to 28 U.S.C. §§ 2201 and 2202, is necessary and appropriate.

### FIFTH CLAIM FOR RELIEF

(Unlawful Retaliation in violation of G.L. c. 151B § 4(4))

62. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth at paragraphs 1 through 61, above, as though fully set forth herein.

63. Plaintiff was retaliated against for his complaint about discriminatory acts directed at him because of his race, national origin, and religion in violation of G. L. c. 151B, § 4 (4).

64. Plaintiff had a legitimate and identifiable prospective business career advantage of a skilled and experienced young man in excellent health with a promising career as a police officer. Defendants were aware of Plaintiff's prospective business career and by engaging in the unjustified conduct described more fully hereinabove, Defendants intentionally, negligently, and improperly interfered with Plaintiff's prospective economic advantage as a police officer.

65. Defendants have intentionally and negligently interfered with Plaintiff's business as a police officer through improper means and with reckless disregard for the consequences of their actions.

66. As a direct and proximate result of the conduct of Defendants as alleged hereinabove, Plaintiff has suffered general and special pecuniary and non-pecuniary damages in an amount to be proven at trial.

67. Defendants' actions were undertaken willfully, wantonly, maliciously and in reckless disregard for Plaintiff's rights, and as a direct and proximate result thereof Plaintiff suffered economic and emotional damage in a total amount to be proven at trial, therefore Plaintiff seeks exemplary and punitive damages in an amount sufficient to deter said Defendant and others from similar future wrongful conduct.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff requests the following relief against Defendants, and each of them, as follows:

1. For an award of general, special, consequential and/or continuing damages from the defendants, and each of them, plus prejudgment interest thereon, according to proof or by operation of law;

2. For damages for per se libel in an amount to be determined according to proof or by operation of law;

3. For an award of exemplary and punitive damages to the extent allowed by law and in an amount according to proof;

4. For preliminary and permanent injunctive and declaratory relief;

5. For attorneys' fees and costs of suit herein pursuant to statute or as otherwise may be allowed by law; and,

6. For such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues triable by right to a jury.

Dated: December 21, 2004

Respectfully submitted,

Ahmad A. Sharif
By his Attorney,

_____
Tammy Sharif
BBO# 659134
Attorney for Plaintiff
Law Firm of Tammy Sharif
1242 Main Street, Suite 314
Springfield, MA 01103
Tel. 413.439.0200  Fax. 413.785.0801

A true copy.

Attest:

_____
Deputy Assistant Clerk