UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AHMAD A. SHARIF,<br>Plaintiffs<br><br>v.<br><br>CITY OF SPRINGFIELD POLICE DEPARTMENT, and LT. CHERYL CLAPPROOD,<br>Defendants | )<br>)<br>)<br>)<br>) C.A. No. 05-30018-MAP<br>)<br>)<br>)<br>)<br>)<br>) |

### ANSWER OF DEFENDANT CHERYL CLAPPROOD TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

#### INTRODUCTION

1. The "Introduction" section of the complaint is a preface to the allegations set forth therein, not requiring a response by the defendant. To the extent a response is required, the allegations set forth therein against the defendant are denied.

#### PARTIES

2. The defendant admits the allegations of paragraph two of the complaint.

3. The defendant denies the allegations of paragraph three of the complaint.

4. The defendant states that her name is not spelled correctly and admits the other allegations of paragraph four of the complaint.

#### FIRST CLAIM FOR RELIEF
(Tortious Interference With Business)

5. The defendant repeats her answers to paragraphs one through four as if fully set forth herein.

6. The defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph six of the complaint.

7. The defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph seven of the complaint.

8. The defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph eight of the complaint.

9. The defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph nine of the complaint.

10. The defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph ten of the complaint.

11. The defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph eleven of the complaint.

12. The defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph twelve of the complaint.

13. The defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph thirteen of the complaint.

14. The defendant is without sufficient knowledge to admit or deny the allegations concerning whether the Kissimmee Police Department told the Plaintiff anything. The defendant denies the remaining allegations of paragraph fourteen of the complaint.

15. The defendant admits that Plaintiff did not work under her direct supervision before he was laid off, but denies the remaining allegations of paragraph fifteen of the complaint.

16. The defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph sixteen of the complaint.

17. The defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph seventeen of the complaint.

18. The defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph eighteen of the complaint.

19. The defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph nineteen of the complaint.

20. The defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph twenty of the complaint.

21. The defendant admits that she was aware that the Plaintiff filed a complaint with MCAD but is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph twenty-one of the complaint.

22. The defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph twenty-two of the complaint.

23. The defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph twenty-three of the complaint.

24. The defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph twenty-four of the complaint.

25. The defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph twenty-five of the complaint.

26. The defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph twenty-six of the complaint.

27. The defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph twenty-seven of the complaint.

28. The defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph twenty-eight of the complaint.

29. The defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph twenty-nine of the complaint.

30. The defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph thirty of the complaint.

31. The defendant denies the allegations in paragraph thirty-one of the complaint.

32. The defendant denies the allegations in paragraph thirty-two of the complaint.

33. The defendant denies the allegations in paragraph thirty-three of the complaint.

**SECOND CLAIM FOR RELIEF**
(Tortious Interference With Prospective Economic Advantage)

34. The defendant repeats her answers to paragraphs one through thirty-three as if fully set forth herein.

35. The defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph thirty-five of the complaint.

36. The defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph thirty-six of the complaint.

37. The defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph thirty-seven of the complaint.

38. The defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph thirty-eight of the complaint.

39. The defendant denies the allegations in paragraph thirty-nine of the complaint.

40. The defendant denies the allegations in paragraph forty of the complaint.

41. The defendant denies the allegations in paragraph forty-one of the complaint.

## THIRD CLAIM FOR RELIEF
(Libel and Defamation)

42. The defendant repeats her answers to paragraphs one through forty-one as if fully set forth herein.

43. The defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph forty-three of the complaint.

44. The defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph forty-four of the complaint.

45. The defendant is without sufficient knowledge to admit or deny the allegations concerning whether the Kissimmee Police Department told the Plaintiff anything. The defendant denies the remaining allegations of paragraph forty-five of the complaint.

46. The defendant denies the allegations in paragraph forty-six of the complaint.

47. The defendant denies the allegations in paragraph forty-seven of the complaint.

48. The defendant denies the allegations in paragraph forty-eight of the complaint.

49. The defendant denies the allegations in paragraph forty-nine of the complaint.

50. The defendant denies the allegations in paragraph fifty of the complaint.

51. The defendant denies the allegations in paragraph fifty-one of the complaint.

52. The defendant denies the allegations in paragraph fifty-two of the complaint.

53. The defendant denies the allegations in paragraph fifty-three of the complaint.

## FOURTH CLAIM FOR RELIEF
(Intentional Infliction of Emotional Distress)

54. The defendant repeats her answers to paragraphs one through fifty-three as if fully set forth herein.

55. The defendant denies the allegations in paragraph fifty-five of the complaint.

56. The defendant denies the allegations in paragraph fifty-six of the complaint.

57. The defendant denies the allegations in paragraph fifty-seven of the complaint.

58. The defendant denies the allegations in paragraph fifty-eight of the complaint.

## FIFTH CLAIM FOR RELIEF
(Injunctive and Declaratory Relief)

59. The defendant repeats her answers to paragraphs one through fifty-eight as if fully set forth herein.

60. The defendant denies the allegations in paragraph sixty of the complaint.

61. The defendant denies the allegations in paragraph sixty-one of the complaint.

## FIFTH CLAIM FOR RELIEF
(Unlawful Retaliation in violation of G.L. c.151B § 4(4))

62. The defendant repeats her answers to paragraphs one through sixty-one as if fully set forth herein.

63. The defendant denies the allegations in paragraph sixty-three of the complaint.

64. The defendant denies the allegations in paragraph sixty-four of the complaint.

65. The defendant denies the allegations in paragraph sixty-five of the complaint.

66. The defendant denies the allegations in paragraph sixty-six of the complaint.

67. The defendant denies the allegations in paragraph sixty-seven of the complaint.

### First Affirmative Defense

The plaintiff fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The plaintiff has failed to commence this action within the appropriate statute of limitations.

### Third Affirmative Defense

The defendant's actions were justified.

### Fourth Affirmative Defense

The plaintiff is barred from recovery by collateral estoppel.

### Fifth Affirmative Defense

The defendant acted out of necessity.

### Sixth Affirmative Defense

The defendant acted in good faith and with probable cause.

### Seventh Affirmative Defense

The defendant has qualified immunity.

### Eighth Affirmative Defense

The defendant is immune from suit.

### Ninth Affirmative Defense

The defendant acted within the scope of her employment and is thus immune from suit.

### Tenth Affirmative Defense

The defendant acted in good faith reliance on legislative or statutory authority.

### Eleventh Affirmative Defense

The defendant's actions were privileged.

### Twelfth Affirmative Defense

The defendant's actions were protected by qualified privilege.

### Thirteenth Affirmative Defense

The plaintiff has failed to comply with all of the requirements of G.L. c.151B as conditions precedent to filing this action.

### Fourteenth Affirmative Defense

Any statements made by the defendant were true.

**WHEREFORE** the defendant request this Honorable Court to enter judgment in her favor and award her her costs.

### THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES.

Cheryl Clapprood,
By her attorney,

/s/ Austin M. Joyce
_____
Austin M. Joyce,
REARDON, JOYCE & AKERSON, P.C.
397 Grove Street
Worcester, MA 01605
(508) 754-7285
BBO#: 255040

## CERTIFICATE OF SERVICE

     I, Austin M. Joyce, hereby certify that a copy of the foregoing Appearance was mailed on this 4th day of February, 2005 via first class mail postage prepaid to all counsel of record as follows:

Tammy Sharif, Esq.
Law Firm of Tammy Sharif
1242 Main Street, Suite 314
Springfield, MA 01103

Ed Pikula, Esq.
City of Springfield Law Department
36 Court Street
Springfield, MA 01103

                              /s/ Austin M. Joyce
          By:_____
                       Austin M. Joyce