# States District Court
# District of Massachusetts

CIVIL ACTION:   05-30018-MAP

**Ahmad A. Sharif,**
              **PLAINTIFF**

v.

**City of Springfield Police Department and Lt. Cheryl Clapprod,**

              **DEFENDANTS**

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR REMAND TO STATE COURT

This is not a proper civil case for resolution by the Federal Court.  Plaintiff's complaint is not removable to federal court because all claims include Massachusetts tort law causes of action such as Tortuous Interference with Business (First Claim), Tortuous Interference with prospective Economic Advantage (Second Claim); Libel and Defamation (Third Claim), Intentional Infliction of Emotional Distress (Fourth Claim), and Injunctive and Declaratory Relief (Fifth Claim).  Notwithstanding the fact that only one count, specifically sixty-one (61), in Plaintiff's complaint requests relief pursuant to federal law, it is clear that his claims do not arise under Federal law.

The Defendants erroneously argue in its Notice of Removal that Plaintiff's action involves alleged employment discrimination with respect to Plaintiff's employment.  Plaintiff, in

his complaint does not assert a claim of racial discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII).  Whether the claim arises under federal law is determined by reference to the complaint alone; the existence of a potential defense based on federal law does not confer a right to remove. See Caterpillar, Inc. v. Williams, 482 U.S. 386, (1987) ("[A] *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated.")

Defendants' only argument that this Court has original jurisdiction of the above entitled action is because Plaintiff's count sixty-one (61) requests "a declaration as to the respective rights and duties of the parties pursuant to 28 U.S.C. §§2201 and 2202."  This Court recently reviewed the framework for determining removal jurisdiction in RBM Technologies, Inc, v. Albert L. Lash, IV,  2004 U.S. Dist. LEXIS 15963 where Judge O'Toole, Jr. invoked the well-plead complaint rule of Caterpillar Inc. v. Williams, 482 U.S. 386 (1987).

On its face, Plaintiff's complaint does not state a federal question.   Plaintiff is the master of his claim. Caterpillar, 482 U.S. at 392; see also The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25, 57 L. Ed. 716, 33 S. Ct. 410, 1913 Dec. Comm'r Pat. 530 (1913) ("Of course, the party who brings a suit is master to decide what law he will rely upon ....The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, 482 U.S. at 392 (citing Gully v. First Nat'l Bank, 299 U.S. 109, 112-13, 81 L. Ed. 70, 57 S. Ct. 96 (1936)).

CONCLUSION

Notwithstanding the fact that Plaintiff erroneously asserted in a single count, specifically sixty-one (61), that a relief could be granted pursuant to 28 U.S.C. §§2201 and 2202, Plaintiff does not assert a federal claim.  In view of the fact that Plaintiff does not assert a federal question in his complaint, this case should be remanded to the Hampden County Superior Court

Dated: February 4, 2005           Respectfully submitted,

Ahmad A. Sharif,
By his Attorney,

/s/Tammy Sharif
Tammy Sharif, Esq., BBO# 659134
The Walker Building
1242 Main Street, Suite 314
Springfield, MA  01103
Ph. (413)439-0200 / FAX 413-785-0801

## CERTIFICATE OF SERVICE

**The undersigned hereby certifies** that a true copy of the within Complainant's Amended Complaint was this day served upon all parties to this action by mailing same, first class postage prepaid, to all Attorneys of record to all Attorneys of record.

SIGNED under the pains and penalties of perjury.

Dated: February 4, 2005                     Respectfully submitted,

                                                    Ahmad A. Sharif,
                                                  By his Attorney,

                                                  /s/Tammy Sharif
                                                  Tammy Sharif, Esq., BBO# 659134
                                                  The Walker Building
                                                  1242 Main Street, Suite 314
                                                  Springfield, MA  01103
                                                  Ph. (413)439-0200 / FAX 413-785-0801