1

# United States District Court
# District of Massachusetts

| | |
|---|---|
| AHMAD A. SHARIF<br><br>     PLAINTIFF<br><br>  v.<br><br>CITY OF SPRINGFIELD POLICE DEPARTMENT and LT. CHERYL CLAPROOD,<br><br>     DEFENDANTS | CIVIL ACTION NO.<br>3:05-cv-30018-MAP |

## ANSWER OF DEFENDANT CITY OF SPRINGFIELD POLICE DEPARTMENT

Now comes the Defendant City of Springfield Police Department and answers to each and every allegation contained in the Plaintiff's Complaint as follows:

1. The Defendant denies the allegations set forth in paragraph one of the Plaintiff's complaint.

## PARTIES

2. The Defendant has insufficient knowledge to either admit or deny the allegations set forth in paragraph two of the Plaintiff's Complaint.

3. The Defendant admits the allegations set forth in paragraph three of the Plaintiff's complaint.

4. The Defendant admits the allegations set forth in paragraph four of the Plaintiff's Complaint.

2

## FIRST CLAIM FOR RELIEF
(Tortuous Interference With Business)

5.  The Defendant hereby incorporates by reference their responses to the allegations of Paragraphs 1 through 4 of this Complaint as though fully set forth herein.

6.  The Defendant admits the allegations contained in paragraph six of the Plaintiff's Complaint.

7.  The Defendant denies the allegations contained in paragraph seven of the Plaintiff's Complaint.

8.  The Defendant denies the allegations contained in paragraph eight of the Plaintiff's Complaint.

9.  The Defendant denies the allegation set forth in paragraph nine of the Plaintiff's Complaint.

10. The Defendant admits the allegations set forth in paragraph ten of the Plaintiff's Complaint.

11. The Defendant has insufficient information to either admit or deny the allegation set forth in paragraph eleven of the Plaintiff's Complaint.

12. The Defendant has insufficient information to either admit or deny the allegation set forth in paragraph twelve of the Plaintiff's Complaint.

13. The Defendant has insufficient information to either admit or deny the allegation set forth in paragraph thirteen of the Plaintiff's Complaint.

14. The Defendant has insufficient information to either admit or deny the allegation set forth in paragraph fourteen of the Plaintiff's Complaint.

3

15. The Defendant has insufficient knowledge to either admit or deny the allegations set forth in paragraph fifteen of the Plaintiff's Complaint.

16. The Defendant has insufficient knowledge to either admit or deny the allegations set forth in paragraph sixteen of the Plaintiff's Complaint.

17. The Defendant has insufficient knowledge to either admit or deny the allegations set forth in paragraph seventeen of the Plaintiff's Complaint.

18. The Defendant has insufficient knowledge to either admit or deny the allegations set forth in paragraph eighteen of the Plaintiff's Complaint.

19. The Defendant has insufficient knowledge to either admit or deny the allegations set forth in paragraph nineteen of the Plaintiff's Complaint.

20. The Defendant admits that Plaintiff filed a complaint with MCAD, but denies the balance of the allegations contained in paragraph twenty of the Plaintiff's Complaint

21. The Defendant admits that it answered the complaint, but denies the balance of allegations contained in paragraph twenty-one of the Plaintiff's Complaint.

22. The Defendant denies the allegations set forth in paragraph twenty-two of the Plaintiff's complaint.

23. The Defendant has insufficient knowledge to either admit or deny the allegations set forth n paragraph twenty-five of the Plaintiff's Complaint.

24. The Defendant

25. The Defendant denies the allegation set forth in paragraph twenty-five of the Plaintiff's Complaint.

26. The Defendant denies the allegation set forth in paragraph twenty-six of the Plaintiff's

4

Complaint.

27. The Defendant denies the allegation set forth in paragraph twenty-seven of the Plaintiff's Complaint.

28. The Defendant has insufficient knowledge to either admit or deny the allegations set forth in paragraph twenty-eight of the Plaintiff's Complaint.

29. The Defendant has insufficient information to either admit or deny the allegations contained in paragraph twenty-nine of the Plaintiff's complaint.

30. The Defendant has insufficient information to either admit or deny the allegations contained in paragraph thirty of the Plaintiff's complaint.

31. The Defendant denies the allegation set forth in paragraph thirty-one of the Plaintiff's Complaint.

32. The Defendant denies the allegation set forth in paragraph thirty-two of the Plaintiff's Complaint.

**33.** The Defendant denies the allegation set forth in paragraph thirty-three of the Plaintiff's Complaint.

## SECOND CLAIM FOR RELIEF
(Tortious Interference with Prospective Economic Advantage)

34. The Defendant hereby incorporates by reference their responses to the allegations of Paragraphs 1 through 33 of this Complaint as though fully set forth herein..

35. The Defendant has insufficient information to either admit or deny the allegations contained in paragraph thirty-five of the Plaintiff's complaint.

36. The Defendant has insufficient information to either admit or deny the allegations

5

contained in paragraph thirty-six of the Plaintiff's complaint.

37. The Defendant has insufficient information to either admit or deny the allegations contained in paragraph thirty-seven of the Plaintiff's complaint.

38. The Defendant has insufficient information to either admit or deny the allegations contained in paragraph thirty-eight of the Plaintiff's complaint.

39. The Defendant denies the allegation set forth in paragraph thirty-nine of the Plaintiff's Complaint.

40. The Defendant denies the allegation set forth in paragraph forty of the Plaintiff's Complaint.

41. The Defendant denies the allegation set forth in paragraph forty-one of the Plaintiff's Complaint.

## THIRD CLAIM FOR RELIEF
(Liebel and Defamation)

42. The Defendant hereby incorporates by reference their responses to the allegations of Paragraphs 1 through 41 of this Complaint as though fully set forth herein..

43. The Defendant has insufficient information to either admit or deny the allegations contained in paragraph forty-three of the Plaintiff's complaint.

44. The Defendant has insufficient information to either admit or deny the allegations contained in paragraph forty-four of the Plaintiff's complaint.

45. The Defendant has insufficient information to either admit or deny the allegations contained in paragraph forty-four of the Plaintiff's complaint.

46. The Defendant denies the allegation set forth in paragraph forty-six of the Plaintiff's

6

Complaint.

47. The Defendant denies the allegation set forth in paragraph forty-seven of the Plaintiff's
Complaint.

48. The Defendant denies the allegation set forth in paragraph forty-eight of the Plaintiff's
Complaint.

49. The Defendant denies the allegation set forth in paragraph forty-nine of the Plaintiff's
Complaint.

50. The Defendant denies the allegation set forth in paragraph fifty of the Plaintiff's
Complaint.

51. The Defendant denies the allegation set forth in paragraph fifty-one of the Plaintiff's
Complaint.

52. The Defendant denies the allegation set forth in paragraph fifty-two of the Plaintiff's
Complaint.

53. The Defendant denies the allegation set forth in paragraph fifty-three of the Plaintiff's
Complaint.

## FOURTH CLAIM FOR RELIEF
(Intentional Infliction of Emotional Distress)

54. The Defendant hereby incorporates by reference their responses to the allegations of
Paragraphs 1 through 53 of this Complaint as though fully set forth herein.

55. The Defendant denies the allegation set forth in paragraph fifty-five of the Plaintiff's
Complaint.

56. The Defendant denies the allegation set forth in paragraph fifty-six of the Plaintiff's

7

Complaint.

57. The Defendant denies the allegation set forth in paragraph fifty-seven of the Plaintiff's Complaint.

58. The Defendant denies the allegation set forth in paragraph fifty-eight of the Plaintiff's Complaint.

## FIFTH CLAIM FOR RELIEF
(Injunctive and Declaratory Relief)

59. The Defendant hereby incorporates by reference their responses to the allegations of Paragraphs 1 through 58 of this Complaint as though fully set forth herein.

60. The Defendant denies the allegation set forth in paragraph sixty of the Plaintiff's Complaint.

61. The Defendant denies the allegation set forth in paragraph sixty-one of the Plaintiff's Complaint.

## SIXTH CLAIM FOR RELIEF
(Unlawful Retaliation in violation of G.L. c. 151B 4(4)

62. The Defendant hereby incorporates by reference their responses to the allegations of Paragraphs 1 through 61 of this Complaint as though fully set forth herein.

63. The Defendant denies the allegation set forth in paragraph sixty-three of the Plaintiff's Complaint.

64. The Defendant denies the allegation set forth in paragraph sixty-four of the Plaintiff's Complaint.

65. The Defendant denies the allegation set forth in paragraph sixty-five of the Plaintiff's Complaint.

8

66. The Defendant denies the allegation set forth in paragraph sixty-six of the Plaintiff's Complaint.

67. The Defendant denies the allegation set forth in paragraph sixty-seven of the Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of the Complaint.

### SECOND DEFENSE

The Plaintiffs failed to comply with statutory requirements.

### THIRD DEFENSE

The Complaint fails to state a claim upon which relief requested can be granted.

### FOURTH DEFENSE

The Defendant, reserves the right to recover costs and attorneys fees in the event that the above action is found frivolous or in bad faith.

### FIFTH DEFENSE

The alleged actions of the Defendant were neither the proximate nor the actual cause of any damages suffered by the Plaintiffs.

### SIXTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the Defendant as no custom or official policy of the municipality caused a violation of the Plaintiff's civil rights.

### SEVENTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the Defendant, as

9

the conduct did not amount to a reckless disregard or deliberate indifference to the civil rights of inhabitants within the City.

## EIGHTH DEFENSE

The defendant was justified in its conduct and acts, and is therefore not liable to the plaintiff as alleged in the complaint.

## NINTH DEFENSE

The claims are barred due to qualified, absolute, and or legislative or other immunity or privilege.

## TENTH DEFENSE

The Defendant answers that at all times it acted reasonably, within the scope of official discretion and with a good faith belief that the actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known with regard to all matters in the Complaint which bear on state or federal law question.

## ELEVENTH DEFENSE

The Plaintiff is barred from recovery because this action has not been brought within the time specified by law.

## TWELVTH DEFENSE

The Plaintiff is collaterally estopped from recovery.

## THIRTEENTH DEFENSE

The Plaintiff is barred from recovery by *res judicata*.

## FOURTEENTH DEFENSE

Based on information and belief, the Defendant's actions were objectively reasonable in light of the facts and circumstances and existing law without regard to underlying intent or motivation.

10

### FIFTEENTH DEFENSE

The actions alleged in the Complaint, if found to violate any law, were not taken pursuant to any

policy or custom promulgated by the final policy making authority of the City of Springfield.

### SIXTEENTH DEFENSE

The Plainitff cannot establish the elements of a prima facie case of discrimination or retaliation.

### SEVENTEENTH DEFENSE

The Respondent had valid, non-pretextual reasons for its actions and the Plaintiff cannot

demonstrate that these reasons are pretextual.

### EIGHTEENTH DEFENSE

The reasons stated for the Defendant's actions were the real reasons, based on legitimate business

concerns, and were not influenced in any way by discrimination on the basis of race, national

origin or color.

### NINETEENTH DEFENSE

The Complainant failed to exhaust his contractual and administrative remedies, or otherwise

failed to bring this action in the time required by law.

### TWENTIETH DEFENSE

Any decision was based on the factual circumstances of each individual case, and in this case

was based on legitimate nondiscriminatory reasons, such as manpower considerations, and not in

anyway related to any unlawful discrimination.

### TWENTY-FIRST DEFENSE

Any publication was fair comment, criticisms and discussions, made in good faith and without

malice, upon matters of public interest and general concern, upon public officials, and upon the

11

public and other conduct and acts of public officials in which the public had an interest, and, as such, said words were privileged.

### TWENTY-SECOND DEFENSE

Any statements made by the defendant were made by in furtherance of official duties and within the scope of authority, and said statements were made in good faith, without malice, and while the defendant was under a duty to make them.

### TWENTY-THIRD DEFENSE

Any written words were contained in a private correspondence, and the defendant denies that it in any way published the words, or any part thereof and if the words were published at all, such words were published by or through the plaintiff and not otherwise.

### TWENTY-FOURTH DEFENSE

If any words were spoken or written and published as alleged, said words were true, and, therefore, justified, and were said in the bona fide performance of a duty owed to the person to whom they were spoken or written, and to a person having a proper interest in the subject matter thereof and in response to inquiries therefor, and as to the subject thereof by such person, and were privileged and constituted a privileged communication without malice.

### TWENTY-FIFTH DEFENSE

The injuries and damages, if any, sustained by the plaintiff were due to or caused by the negligence of a fellow servant of the plaintiff, or were otherwise compensable pursuant to statutory provisions for work related injuries only.

**THE DEFENDANT DEMANDS TRIAL BY JURY OF ALL ISSUES SO TRIABLE.**

Dated: March 4, 2005

THE DEFENDANT,
City of Springfield

Edward M. Pikula, BBO #399770

Associate City Solicitor
CITY OF SPRINGFIELD LAW DEPATMENT
36 Court Street
Springfield, Massachusetts 01103
Telephone:     (413) 787-6085
Telefax:               (413) 787-6173

---

**CERTIFICATE OF SERVICE**
The undersigned hereby certifies that a
true copy of the within Defendant's Notice
of Removal was this day served upon
Plaintiff by mailing copy of same or hand
delivery to: Attorney Tammy Sharif
1242 Main Street - Suite 314
Springfield, MA 01103
SIGNED under the pains and penalties of
perjury.
   Dated:     3/4/2005