# United States District Court
# District of Massachusetts

CIVIL ACTION:   05-30018-MAP

**Ahmad A. Sharif,**

        **PLAINTIFF**

**v.**

**City of Springfield Police Department and Lt. Cheryl Clapprod,**

        **DEFENDANTS**

### PLAINTIFF'S SUPPLEMENT TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Plaintiff, Ahmad A. Sharif, hereby supplements his Motion For Leave To File First Amended Complaint with a proposed amended complaint.

The accompanied proposed First Amended Complaint, which does not add any causes of action, makes the following changes:

(a) Deletes count seven (7),
(b) Deletes count eight (8),
(c) Deletes count nine (9) and,
(d) Deletes count sixty-one(61), that Plaintiff's civil action involves a controversy between the parities and a declaration as to the respective rights and duties of the parities, pursuant to 28 U.S.C. §2201 and 2202 for injunctive relief.

**WHEREFORE**, Ahmad A. Sharif. hereby supplements his aforesaid Memorandum with a proposed amended complaint

Dated: March 11, 2005

Respectfully submitted,

**Ahmad A. Sharif**,
By his Attorney,

 /s/Tammy Sharif
Tammy Sharif, BBO#659134
1242 Main Street, Suite 314
Springield, MA  01103
Tel. 413.439.0200  /  Fax 413.785.0801

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the within Complainant's Amended Complaint was this day served upon all parties to this action by mailing same, first class postage prepaid, to all Attorneys of record.

SIGNED under the pains and penalties of perjury.


Dated: March 11, 2005                     Respectfully submitted,
                                          Ahmad A. Sharif
                                          By his Attorney,


                                          /s/Tammy Sharif
                                          Tammy Sharif, Esq., BBO# 659134
                                          The Walker Building
                                          1242 Main Street, Suite 314
                                          Springfield, MA  01103
                                          Ph. (413)439-0200 / FAX 413-785-0801

# States District Court
# District of Massachusetts

CIVIL ACTION:   05-30018-MAP

| | |
|---|---|
| Ahmad A. Sharif,<br><br>    **PLAINTIFF**<br><br>    v.<br><br>City of Springfield Police Department and<br>Lt. Cheryl Clapprod,<br><br>    **DEFENDANTS** | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT
### AND DEMAND FOR JURY TRIAL

   Comes now Plaintiff, AHMAD A. SHARIF, to allege against the Defendants, and each of them, as follows:

1. This civil action is brought against defendants for damages as well for tortuous interference with prospective employment as a police officer, career as a police officer, libel/defamation, and intentional infliction of emotional distress for publicizing false statements about the Plaintiff's employment record.

### PARTIES

2. Plaintiff is and was at all times relevant herein, an individual and resident of Hampden County Massachusetts.

3. Defendant City of Springfield Police Department IBPO, is and was all times relevant herein, a resident of Hampden County Massachusetts.

4. Defendant Lt. Cheryl Clapprod, an employee of for the City of Springfield Police Department, is and was all times relevant herein, a resident of Hampden County

FIRST CLAIM FOR RELIEF

(Tortious Interference With Business)

5. Plaintiff hereby realleges and incorporate by reference each and every allegation set forth at paragraphs 1 through 4, above, as though fully set forth herein.

6. Plaintiff Ahmad A. Sharif was hired by the City of Springfield Police Department in December 1998.

7. On February 8, 2003, Plaintiff was laid off by the Defendant.

8. In April 2003, Plaintiff applied for employment as a police officer in Kissimmee, Florida. Various tests were administered in Massachusetts. Plaintiff passed all of them. Plaintiff also received better scores than some of the people who were hired.

9. Plaintiff was informed by Kissimmee Police that Plaintiff's direct supervisors gave their department excellent references.

10. On July 21, 2003, Plaintiff called Kissimmee to check the status of his application. Plaintiff was told that Kissimmee Police Department was no longer interested in Plaintiff as a candidate for hire because of a bad reference given.

11. Plaintiff was told by Kissimmee Police Department that a bad reference was given by Defendant Lt. Clapprod and that she said Plaintiff was "out of control."

12. Plaintiff had never worked under Lt. Clapprod's direct supervision. The extent of Plaintiff's interaction with Lt. Clapprod was through salutations as Plaintiff was beginning or ending his shift

13. In July 2003, Plaintiff applied for employment as a police officer with the Pittsfield

Police Department, Pittsfield, Massachusetts. Various tests were administered. Plaintiff passed all of them.

14. In August, 2003, Plaintiff was informed by Pittsfield Police Department that they were no longer interested in Plaintiff as a candidate for hire because of a bad reference given.

15. In October 2003, Plaintiff applied for employment as a police officer with the Chicopee Police Department, Chicopee, Massachusetts. Various tests were administered. Plaintiff passed all of them.

16. In December 2003, Plaintiff was informed by Chicopee Police Department, Chicopee, Massachusetts that they were no longer interested in Plaintiff as a candidate for hire because of a bad reference given.

17. In December 2003, Plaintiff engaged in protected activity under M.G.L. Chapter 151B, and Title VII of the Civil Rights Act of 1964, as amended, by filing a charge of discrimination with the MCAD and a complaint with the Massachusetts Commission Against Discrimination, hereinafter referred to as (MCAD) that alleged discrimination on the basis of color, race (African-American), and religion (Muslim) against my former employer.

18. Defendants were aware of the protected activity and answered Plaintiff's complaint.

19. Since filing a discrimination complaint with MCAD, Plaintiff has been subjected to the adverse actions outlined in the following paragraphs numbers 22 thru 27.

20. In January 2004, Plaintiff applied for employment as a police officer with the Worcester Police Department, Worcester, Massachusetts. Various tests were administered. Plaintiff passed all of them.

21. In February 2004, Plaintiff was informed by Worcester Police Department, Worcester, Massachusetts that Plaintiff was not a favorable candidate because of his personnel file and unfavorable references.

22. Plaintiff's was asked several times during an employment interview with Worcester Police Department whether Plaintiff had been discriminated against by the Springfield Police Department. Defendant retaliated against Plaintiff by informing the Worcester Police Department of Plaintiff's discrimination complaint filed at MCAD.

23. Defendant retaliated against Plaintiff by informing potential employers of Plaintiff's MCAD employment discrimination claim against Defendant. Thus, Defendants retaliated against Plaintiff for having engaged in protected activity when he reasonably and in good faith believed that he was discriminated against and acted reasonably in response to that belief by filing a claim of discrimination because of his color, race, and religion.

24. Plaintiff believed that he was subject to discriminatory actions by the Defendant based on his color, race (African-American), and religion (Muslim), which resulted in a failure to be hired for employment in another jurisdiction.

25. Plaintiff's personnel file does not negatively reflect his employment with the City of Springfield Police Department in the manner as alleged by Defendants, therefore by corresponding with potential employers listed above in such a manner as to cause potential employers to not hire Plaintiff, all as described hereinabove.

26. At all time relevant, Plaintiff was on the active call back list for laid off police officers for the City of Springfield.

27. At the time of Plaintiff's layoff from the Springfield Police Department, he was not on suspension and was at all times in good standing with the department.

28. Defendants have intentionally and negligently interfered with Plaintiff's business as a police officer through improper means and with reckless disregard for the consequences of their actions.

29. As a direct and proximate result of the conduct of Defendants as alleged hereinabove, Plaintiff has suffered general and special pecuniary and non-pecuniary damages in an amount to be proven at trial.

30. Defendants' actions were undertaken willfully, wantonly, maliciously and in reckless disregard for Plaintiff's rights, and as a direct and proximate result thereof Plaintiff suffered economic and emotional damage in a total amount to be proven at trial, therefore Plaintiff seeks exemplary and punitive damages in an amount sufficient to deter said Defendant and others from similar future wrongful conduct.

### SECOND CLAIM FOR RELIEF

(Tortious Interference With Prospective Economic Advantage)

31. Plaintiff hereby realleges and incorporate by reference each and every allegation set forth at paragraphs 1 through 33, above, as though fully set forth herein.

32. Plaintiff had a legitimate and identifiable prospective viable career as a police officer.

33. Plaintiff had the advantage of a skilled and experienced young man in excellent health with a promising career as a police officer.

34. Defendants were aware of Plaintiff's unemployment status as a laid off police officer.

35. Plaintiff has not been unable to secure employment as a police officer until he was recalled by the Springfield Police Department when they recalled laidoff police officers.

36. As a result of Defendants' unlawful tortious interference with Plaintiffs prospective employment as a police officer and by engaging in the unjustified conduct described

more fully hereinabove, Defendants intentionally, negligently, and improperly interfered with Plaintiff's prospective economic advantage as a police officer.

37. As a direct and proximate result of the conduct of Defendants as alleged hereinabove, Plaintiff has suffered general and special pecuniary and non-pecuniary damages in an amount to be proven at trial.

38. Defendants' actions were undertaken willfully, wantonly, maliciously and in reckless disregard for Plaintiff's rights, and as a direct and proximate result thereof Plaintiff suffered economic and emotional damage in a total amount to be proven at trial, therefore Plaintiff seeks exemplary and punitive damages in an amount sufficient to deter said Defendant and others from similar future wrongful conduct.

## THIRD CLAIM FOR RELIEF

(Libel and Defamation)

39. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth at paragraphs 1 through 41, above, as though fully set forth herein.

40. Plaintiff was informed by Kissimmee Police that Plaintiff's direct supervisors gave their department excellent references about Plaintiff.

41. On July 21, 2003, Plaintiff contacted Kissimmee to check the status of his application. Plaintiff was told that Kissimmee Police Department was no longer interested in Plaintiff as a candidate for hire because of a bad reference given.

42. Plaintiff had been informed by Kissimmee Police Department that Defendant Lt. Cheryl Clapprod had informed them that Plaintiff was "out of control".

43. Defendants Springfield Police Department and Lt. Cheryl Clapprod falsified documents

indicating that Plaintiff was a suspect in a dispute. Plaintiff was never informed that he was a suspect in a dispute. This falsified document was inserted into Plaintiff's personnel file and distributed to potential employers.

44. Defendants Springfield Police Department and Lt. Cheryl Clapprod presented falsified documents to all police departments to which Plaintiff applied for employment.

45. Defendants inserted confidential and privileged information to all police departments that in which Plaintiff applied for employment.

46. As a result of Defendants' unlawful false and defamatory statements and publications were presented to all of Plaintiff's potential employers, he was blacklisted from furthering his career as a Police Officer.

47. The false accusations published to third parties by Defendants of unlawful conduct by Plaintiff were false, unprivileged, and defamatory, and Plaintiff did not have a blemished personnel file.

48. Because the false and defamatory statements and documents published by Defendants impute to Plaintiff unlawful conduct and also injured Plaintiff in his business career of being a police officer, the statement of Defendants constitute libel per se for which Plaintiff is presumptively entitled to recover damages without proof of same.

49. As a direct and proximate result of the conduct of Defendants as alleged hereinabove, Plaintiff has suffered general and special pecuniary and non-pecuniary damages in an amount to be proven at trial.

50. Defendants' actions were undertaken willfully, wantonly, maliciously and in reckless disregard for Plaintiff's rights, and as a direct and proximate result thereof Plaintiff suffered economic and emotional damage in a total amount to be proven at trial, therefore Plaintiff seeks exemplary and punitive damages in an amount sufficient to

deter said Defendant and others from similar future wrongful conduct.

## FOURTH CLAIM FOR RELIEF

(Intentional Infliction of Emotional Distress)

51. Plaintiff hereby realleges and incorporate by reference each and every allegation set forth at paragraphs 1 through 53, above, as though fully set forth herein.

52. By contacting Plaintiff's prospective employers and defaming and causing prospective employers to deny him employment, Defendants intentionally inflicted extreme emotional distress upon Plaintiff.  Defendants' conduct was unreasonable and outrageous and exceeds the bounds usually tolerated by decent society, and was done willfully, maliciously and deliberately with the intent to cause Plaintiff severe mental and emotional pain, distress, and anguish and loss of enjoyment of life, or was done with reckless indifference to the likelihood that such behavior would cause such severe emotional distress and with utter disregard for the consequences of such actions.

53. The behavior and conduct on the part of Defendants as described herein above was so extreme and outrageous as to be capable of causing Plaintiff severe emotional distress and has in fact caused Plaintiff severe mental anguish, distress, depression, and humiliation.

54. As a direct and proximate result of the conduct of Defendants as alleged hereinabove, Plaintiff has suffered non-pecuniary damages in an amount to be proven at trial.

55. Defendants' actions were undertaken willfully, wantonly, maliciously and in reckless disregard for Plaintiff's rights, and as a direct and proximate result thereof Plaintiff suffered economic and emotional damage in a total amount to be proven at trial, therefore Plaintiff seeks punitive damages in an amount sufficient to deter said

Defendant and others from similar future wrongful conduct.

## FIFTH CLAIM FOR RELIEF

(Injunctive and Declaratory Relief)

56. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth at paragraphs 1 through 58, above, as though fully set forth herein.

57. As a direct and proximate result of the foregoing conduct by Defendants, Plaintiff has sustained and will continue to sustain irreparable damage to his career as a police officer and has no adequate remedy at law to prevent repeated unfounded interference with his business relationships by Defendants, and is therefore entitled to an injunction enjoining Defendants and its officers, agents, directors, employees, licensees and all other persons acting by, through, or in concert with Defendants, from engaging in further acts interfering with his existing career and business as a police officer.

## SIXTH CLAIM FOR RELIEF

(Unlawful Retaliation in violation of G.L. c. 151B § 4(4))

58. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth at paragraphs 1 through 61, above, as though fully set forth herein.

59. Plaintiff was retaliated against for his complaint about discriminatory acts directed at him because of his race, national origin, and religion in violation of G. L. c. 151B, § 4 (4).

60. Plaintiff had a legitimate and identifiable prospective business career advantage of a skilled and experienced young man in excellent health with a promising career as a police officer. Defendants were aware of Plaintiff's prospective business career and by

engaging in the unjustified conduct described more fully hereinabove, Defendants intentionally, negligently, and improperly interfered with Plaintiff's prospective economic advantage as a police officer.

61. Defendants have intentionally and negligently interfered with Plaintiff's business as a police officer through improper means and with reckless disregard for the consequences of their actions.

62. As a direct and proximate result of the conduct of Defendants as alleged hereinabove, Plaintiff has suffered general and special pecuniary and non-pecuniary damages in an amount to be proven at trial.

63. Defendants' actions were undertaken willfully, wantonly, maliciously and in reckless disregard for Plaintiff's rights, and as a direct and proximate result thereof Plaintiff suffered economic and emotional damage in a total amount to be proven at trial, therefore Plaintiff seeks exemplary and punitive damages in an amount sufficient to deter said Defendant and others from similar future wrongful conduct.

PRAYER FOR RELIEF

WHEREFORE Plaintiff requests the following relief against Defendants, and each of them, as follows:

1. For an award of general, special, consequential and/or continuing damages from the defendants, and each of them, plus prejudgment interest thereon, according to proof or by operation of law;

2. For damages for per se libel in an amount to be determined according to proof or by operation of law;

3. For an award of exemplary and punitive damages to the extent allowed by law and in

      an amount according to proof;

4.     For preliminary and permanent injunctive and declaratory relief;

5.     For attorneys' fees and costs of suit herein pursuant to statute or as otherwise may be allowed by law; and,

6.     For such other relief as this Court may deem just and proper.


DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues triable by right to a jury.


Dated: March 11, 2005                                  Respectfully submitted,

                                                                **Ahmad A. Sharif**,
By his Attorney,

                                                                /s/Tammy Sharif_____
Tammy Sharif, BBO# 659134
1242 Main Street, Suite 314
Springfield, MA 01103
Tel. 413.439.0200 / Fax 413.785.0801


**CERTIFICATE OF SERVICE**


**The undersigned hereby certifies** that a true copy of the within Plaintiff's Amended Complaint was this day served upon all parties to this action by mailing same, first class postage prepaid, to all Attorneys of record.

SIGNED under the pains and penalties of perjury.

Dated: December 11, 2005                             /s/Tammy Sharif\_\_\_
                                                             Tammy Sharif, Esq.

# LAW FIRM OF TAMMY SHARIF

THE WALKER BUILDING
1242 MAIN STREET, SUITE 314
SPRINGFIELD, MA  01103

PHONE: 413.439.0200
TOLL FREE:: 1.866.409.0469
FAX: 413.746.5952
EMAIL: SHARIFLAWFIRM@AOL.COM

March 11, 2005

**United States District Court of Massachusetts**
**Clerk of the Court**
**Federal Building and Courthouse**
**1550 Main Street**
**Springfield, MA  01103**

   **RE:   Ahmad A. Sharif  v. City of Springfield Police Department and Lt. Cheryl Clapprod,**
   **U.S. District Court – Civil Action No. 05-30018-MAP**

Dear Clerk of the Court:

Kindly file the enclosed Plaintiff's Supplement To Motion For Leave To File First Amended Complaint and Proposed Amended Complaint.

Thank you in advance for your cooperation in this matter.  Should you have any question, please do not hesitate to contact my office at the above listed address and telephone numbers.

Sincerely,


 /s/Tammy Sharif
_____
Tammy Sharif
Attorney for Plaintiff

TS/cs